ROBERTSON, Justice,
for the Court.
The Circuit Court of the First Judicial District of Hinds County, Mississippi (the senior circuit judge) refused to expunge from the report of the Grand Jury, made at the July, 1975, term of the Circuit Court, all references to the non-judicial conduct of Circuit Judge Russel D. Moore, III. Petitioner Moore appeals.
At the July 1975, term, Senior Circuit Judge Leon F. Hendrick charged the Grand Jury to investigate any illegal practice of law by the circuit judges of Hinds County.
The Grand Jury reported that it had examined a number of witnesses and also the books and records of a corporation for which Moore was alleged to have rendered legal services. The Grand Jury report continued:
“After due consideration and serious deliberation, this body must report that it found there exists probable cause sufficient for the return of four (4) indictments that Judge Russell D. Moore, III was periodically rendering legal services as an attorney at law for said corporation from March, 1968 to May, 1970 at the same time he was a circuit judge, contrary to the laws of the State of Mississippi as set forth in Section 9-1-25 of the Mississippi Code of 1972, Annotated. However, this body has been advised and does believe that such alleged acts occurred at such time as to be barred from prosecution by the Statute of Limitations as set forth in section 99-1-5 of the Mississippi Code of 1972, Annotated .
“It is obvious that the two (2) year period of time as set forth in the aforesaid statute of limitations has expired and any further prosecution would be and is prohibited by law.”
The only action that a Grand Jury can take after investigating the conduct of a public officer is to return a presentment or indictment. Section 175 of the Mississippi Constitution of 1890 provides:
“All public officers, for wilful neglect of duty or misdemeanor in office, shall be ’liable to presentment or indictment by a grand jury; . . .” (Emphasis added).
The July, 1975, Grand Jury returned neither a presentment nor an indictment, yet that was the only action that it was authorized to take under the Mississippi Constitution.
In Re Davis, 257 So.2d 884 (Miss.1972), is dispositive of this case. In Davis we said:
“While a grand jury may present any person for indictment, if evidence sufficient to justify an indictment is not introduced in the ex parte proceeding, its power over the matter or offense investigated is terminated unless it falls within one of the four addenda enacted by the legislature in expanding the constitutional powers of a grand jury. It is obvious that the report here was not limited to the grand jury function of indictment or presentment nor was it within the legisla *738 tive enactments. The grand jury’s report was in excess of that body’s lawful authority. The caustic comments found therein were, therefore, a trespass upon the rights of the appellant even though he be a public official.
“The statement of a grand jury demands respect within a community and its deliberations and conclusions are tantamount to fact in the eyes of the populace. Our judicial system is couched in due process and fairness. Conviction by innuendo resulting from an ex parte proceeding is not compatible with and is extremely offensive to these basic principles of jurisprudence.” 257 So.2d at 887-88. (Emphasis added).
We reiterated the holding in Davis in In Re Williams, 317 So.2d 399 (Miss.1975).
We are of the opinion that all portions of the Grand Jury report referring to the conduct of Judge Moore should be expunged.
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.