BROOM, Justice, for the Court:
In his supplemental grand jury charge, a circuit judge stated he had reports that the district attorney “has . . . failed to investigate and prosecute . . .[1] During further investigative grand jury sessions, the district attorney and his assistants (appellants) were by order of the judge “barred from the Grand Jury room.” Appellants then filed motions requesting that the judge (the Honorable Floyd J. Logan): (1) expunge a portion of his supplemental grand jury charge; and (2) set aside his order barring appellants from grand jury sessions. This appeal is from denial of the motions. We reverse.
The controversy began on April 29, 1975, when the judge delivered his written supplemental grand jury charge (appellants’ uncontradicted initial pleading in this cause states that the “charge was read” to the grand jury) during the April 1975 Term of Harrison County Circuit Court, First Judicial District. After being previously empaneled, the grand jury was apparently in recess for a time and then reconvened. In his supplemental charge the judge stated that it is a “violation of the law for any public official . . . not to investigate” matters which merit investigation. This was followed by language that citizens had reported to the court that the district attorney had “failed to investigate and prosecute ..” The grand jurors were further charged that if they should “determine that the District Attorney has actively delayed investigation of these matters, you may apply to the Court for further instructions ..” Appellants contend that the charge singled them out as targets for grand jury action. Citing Mississippi Code Annotated § 13-5^47 (1972), they argue that the supplemental charge as given was improper.
On May 7, 1975, appellants’ motions (to expunge, etc.) were heard and denied. In his opinion the trial judge, referring to several undisclosed sources, stated that information had been given to him that the district attorney’s office had refused to investigate several charges of criminal misconduct although a prima facie case had been presented to them. The court held that in his charge he merely informed the members of the grand jury that certain matters had been brought to his attention, and that he failed to make any specific accusation against appellants. In his opinion the judge also stated that in view of a possible conflict of interest regarding the district attorney, he had asked the county attorney to advise the grand jury pursuant to the authority of Mississippi Code Annotated § 19-23-11 (1972), which provides “. . .It shall be the duty of the county prosecuting attorney to represent the state in all matters coming before the grand jury of his county . . .”
Argument is made that the trial judge erred in his refusal to strike or expunge his supplemental grand jury charge. Immediately there arises the threshold query: Is a circuit judge’s charge to a grand jury subject to appellate review and expungement? Resolution of this question requires consideration of the exact nature of the relationship which exists between a circuit judge *93 and a grand jury and the scope of his authority over that body. The particular part of the supplemental charge which is in controversy reads as follows:
The citizens who have requested that you investigate certain matters have represented to the Court that the District Attorney has for a considerable period of time failed and refused to prosecute and investigate these matters. If as a result of your investigations you determine that indictments should be returned, and you further determine that the District Attorney has actively delayed investigation of these matters, you may apply to the Court for further instructions as to the applicable law.
District Attorney Necaise and his assistants contend that the supplemental charge, and the quoted language in particular, was improper. To the contrary, amicus curiae on behalf of the circuit judge argue that the language complained of merely informed the grand jury of the law regarding public officials pursuant to § 13-5-47, supra, and Section 175 of the Mississippi Constitution of 1890.
Blau v. State, 82 Miss. 514, 34 So. 153 (1903), applies here, as does Fuller v. State, 85 Miss. 199, 37 So. 749 (1904). In Fuller the defendant filed a motion to quash the indictment because in making his charge to the grand jury the trial judge asked: “Have you never heard the name of Charlie Fuller?” In reiterating the rule announced in Blau, supra, the court held:
By section 2373, Code 1892 [now § 13-5-47], it is made mandatory for the circuit judge to charge the grand jury concerning its duties and to explain the law to it as he shall deem proper. . . . It is the province of the circuit judge and his duty to inveigh against crime of all kinds and in every quarter, but it is a usurpation of power to denounce individuals, or to specifically direct the attention of the grand jury to any named person. . It is no reply to this conclusion to say that the words as quoted in the motion to quash are not of themselves either denun-ciatory or accusatory of the person named. We must view this matter in a reasonable way. . . . (Emphasis added.) (85 Miss. at 203-205; 37 So. at 750-751).
Accordingly, we have viewed the supplemental charge given in this case in a reasonable way. Our conclusion is that the charge effectively singled out the district attorney’s office and the district attorney himself. Though no one’s name was used, as a practical matter there is no question but that the charge targeted the appellants.
In the case sub judice, the trial judge charged the grand jury that citizens had “represented to the Court” that the district attorney had “failed and refused to prosecute and investigate . . ..” Clearly, under the rationale of Blau, supra, and Fuller, supra, had an indictment been returned against the district attorney, a motion to quash would rightly have been sustained. Regardless of the fact that no indictment was returned, and though rectitude and love of justice motivated the judge’s remarks, his charge as delivered was in excess of his authority. Although circuit judges have broad judicial discretion in structuring and delivering grand jury charges, expungement should have been granted upon the record of this most unusual case. Re: Petition of Russell D. Moore, III, to Expunge Part of a Grand Jury Report, 336 So.2d 736, decided August 17, 1976; In re Davis, 257 So.2d 884 (Miss.1972). This court is not saying that the district attorney or anyone else can muzzle or hold veto power over remarks made by a circuit judge in charging a grand jury. We simply hold that remarks made by a circuit judge in such a charge may be reviewable and subject to expungement if the judge exceeds his authority and inappropriately targets an individual. In this particular case the judge’s charge, which in effect singled out the district attorney, went too far and should be expunged.[2]
*94 Argument is also made by the appellants that the circuit judge erroneously barred them from grand jury sessions. Pertinent is Mississippi Code Annotated § 25-31-13 (1972), which provides:
The district attorney shall attend . the grand jury whenever he may be required by the grand jury (Emphasis added).
This statute gives to the grand jury the power and authority at its discretion to require the presence and counsel of the district attorney “whenever ... required” during its deliberations. It follows that the circuit judge (acting unilaterally in ex parte fashion without notice to the district attorney, and without request of the grand jury) lacked authority to bar the district attorney or his assistants from the grand jury hearing.
Although other propositions were urged by the appellants, our decision as to ex-pungement and barring appellants from the grand jury sessions is dispositive of the entire matter. Judgment will be entered here ordering: (1) expungement of those portions of the charge which improperly refer to the district attorney and his assistants, and (2) vacation of the order which barred the appellants from the grand jury room.
The case was considered by a conference of the Judges en banc.
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON, P. J., and SMITH, ROBERTSON and LEE, JJ., concur.
INZER, P. J., and SUGG, J., dissent.
WALKER, J., took no part.

. No cited statute would require that grand jury charges be delivered in writing. Mississippi Code Annotated § 13-5-47 (1972) provides that the judge in certain instances may have the circuit clerk “read the charge ... to the grand jury . . ..” In practice, grand jury charges are usually delivered orally by the judge. A part of the record in this cause is a copy of judge’s charge to the grand jury when initially empaneled on April 14, 1975.

. Miss.Code Ann. § 25-31-21 (1972), is not cited or relied on in this case. That section provides for pro tempore appointment of an attorney to act for the state when the district *94 attorney is disqualified, etc. This statute does not say that the district attorney may be held “disqualified” and removed summarily or in ex parte fashion.